IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY R. MILES, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 05-65E |
| ) | |
| vs. ) | Honorable Maurice B. Cohill, Jr. |
| ) | |
| BIG LOTS, INC., BIG LOTS STORES, ) | |
| INC., CONSOLIDATED STORES ) | **ELECTRONICALLY FILED** |
| INTERNATIONAL CORPORATION, d/b/a ) | |
| BIG LOTS, JOUBERT, S.A. and TOOL ) | |
| AND SUPPLY OF NEW ENGLAND ) | |
| ) | |
| Defendants. ) | |

## **AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

AND NOW comes the Defendants, Big Lots, Inc., Big Lots Stores, Inc., Consolidated Stores International Corporation, d/b/a Big Lots, Joubert, S.A. and Tool And Supply Of New England, by and through their attorneys, Cipriani & Werner, P.C. and Judith A. Moses, Esquire and files this Answer and Affirmative Defenses, wherein the following representations and averments are made:

1.     The averments contained in this paragraph of Plaintiff's Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

2.     Admitted.

      3.      Denied.  To the contrary, the correct name of this defendant is Big Lots, Inc.

      4.      Denied.  To the contrary, the correct name of this defendant is Big Lots, Inc.

      5.      Denied.  Joubert, S.A., a French holding company, has no physical presence in the United States.

      6.      Denied.  After reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

      7.      Denied.  Joubert, SAS(M) (SDN BHD), a Malaysian company, manufactures bungee cords and is located at Lot 4, Kawasan Perindustrian Alor Gajah, 78000 Melaka, Malaysia.

      8.      Denied.  After reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

      9.      Admitted.

      10.     Denied.

      11.     Denied.

      12.     Denied.

      13.     This paragraph of plaintiff's complaint states the legal conclusion to which no responses required.  To the extent that a response is required, the averments contained in this paragraph of Plaintiff's Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

      14.     The averments contained in this paragraph of Plaintiff's Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or

information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

15. The averments contained in this paragraph of Plaintiff's Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

16. The averments contained in this paragraph of Plaintiff's Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

17. Denied.

18. Denied

19. Denied

20. (a) – (b). Denied. It is denied that any product, including, but not limited to, the bungee cord or its hook lacked any load bearing capacity or in any way was insufficient or inappropriate. To the contrary, the entire product was manufactured, distributed, and sold in a condition that was safe for all appropriate uses.

21. (a) – (p). Denied. It is denied that any product, including, but not limited to, the bungee cord or its hook lacked any load bearing capacity or in any way was insufficient or inappropriate. To the contrary, the entire product was manufactured, distributed, and sold in a condition that was safe for all appropriate uses. Furthermore, this paragraph of plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, these defendants deny that they were in any way negligent, careless, reckless or acted in any way other than what was reasonable under the circumstances or that they caused, contributed to, or in anyway was responsible for the alleged injuries, damages or losses of the plaintiff, which are not admitted, and which are denied. As a basis of this denial, these defendants generally deny any and all such claims. Furthermore, and as to any alleged injuries, damages or losses, which are not admitted, and which are denied, it is denied that any such alleged injuries, damages or losses are or were related or caused by any such incident.

22. This paragraph of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny that any defect existed. Furthermore, and as to any alleged injuries, damages or losses, which are not admitted, and which are denied, it is denied that any such alleged injuries, damages or losses are or were related or caused by any such incident. Strict proof is demanded at time of trial.

23. This paragraph of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny that any defect existed. Furthermore, and as to any alleged injuries, damages or losses, which are not admitted, and which are denied, it is denied that any such alleged injuries, damages or losses are or were related or caused by any such incident. Strict proof is demanded at time of trial.

24. This paragraph of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny that any defect existed. Furthermore, and as to any alleged loss of earnings and earning capacity, which are not admitted, and which are denied, it is denied that any such alleged loss of earnings and earning capacity, or any other alleged damages or losses are or were related or caused by any such incident. Strict proof is demanded at time of trial.

25. The averments contained in this paragraph of Plaintiff's Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

26. This paragraph of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averments contained in this paragraph of Plaintiff's Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

27. This paragraph of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averments contained in this paragraph of Plaintiff's Complaint are denied in that, after reasonable

investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

WHEREFORE, these Defendants request that this Honorable Court enter judgment in their favor, and against any and all other parties, while taxing all costs, fees and other obligations against all other parties.

## **AFFIRMATIVE DEFENSES**

28. Paragraphs 1-27 of this pleading are incorporated herein by reference as if set forth more fully.

29. Plaintiff's Complaint fails to state cause of action upon which relief can be granted.

30. These Defendants claim benefit of the defense of assumption of the risk, whether it is implied or explicit assumption of the risk.

31. Plaintiff's claims are barred due to the Plaintiff's own misuse or abuse of the product at issue.

32. The alleged injuries damages and/or losses of the Plaintiffs were not caused by these Defendant's actions and/or inactions but, to the contrary, were caused by the actions and/or inactions of other persons or parties, whether these persons or parties be the Plaintiff, or others.

33. Any alleged dangers, which are claimed by the Plaintiff, which are not admitted, and which are denied, were open, obvious and/or known by the Plaintiff.

34. These Defendants claim benefit of the defense of Contributory Negligence and/or Comparative Negligence.

35. Plaintiff's claims are barred by the applicable statute of limitations.

36. The subject product was designed and/or manufactured and, or distributed in conformity with applicable state-of-the-art, industry standards or/or consumer expectations.

37. It is believed, and, therefore, averred that the Plaintiff did not utilize the product for its intended and anticipated use.

      38.    For purpose of preserving the defense, these Defendants claim the defense of set off.

      38.    The product at issue included a warning on the packaging for users to wear eye protection while using the product.

      39.    The plaintiff was not wearing eye protection while using the product at issue.

      WHEREFORE, these Defendants request that this Honorable Court enter judgment in their favor, and against any and all other parties, while taxing all costs, fees and other obligations against all other parties.

/s/Judith A. Moses_____
Judith A. Moses, Esquire
PA49656
Cipriani & Werner, P.C.
650 Washington Road, Suite 700
Pittsburgh, PA  15228
Telephone:  (412) 563-2500
Fax:  (412) 563-2080
E-mail:  jmoses@c-wlaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing Amended Answer and Affirmative Defenses has been served on all counsel of record, by first class mail, postage pre-paid, according to the Federal Rules of Civil Procedure, on the 16th day of November, 2005.

        Tibor R. Solymosi, Esquire
        Segel & Solymosi
        818 State Street
        Erie, PA  16501


        /s/Judith A. Moses_____
        Judith A. Moses, Esquire
        PA49656
        Cipriani & Werner, P.C.
        650 Washington Road, Suite 700
        Pittsburgh, PA  15228
        Telephone:  (412) 563-2500
        Fax:  (412) 563-2080
        E-mail:  jmoses@c-wlaw.com
        Counsel for Defendants