IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY R. MILES, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 05-65E |
| | ) |
| vs. | ) Honorable Maurice B. Cohill, Jr. |
| | ) |
| BIG LOTS, INC., BIG LOTS STORES, | ) |
| INC., CONSOLIDATED STORES | ) **ELECTRONICALLY FILED** |
| INTERNATIONAL CORPORATION, d/b/a | ) |
| BIG LOTS, JOUBERT, SAS (M) | ) |
| (SDN, BHD) and TOOL AND SUPPLY OF | ) |
| NEW ENGLAND | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

AND NOW comes the Defendants, Big Lots, Inc., Big Lots Stores, Inc., Consolidated Stores International Corporation, d/b/a Big Lots, Joubert, S.A. and Tool And Supply Of New England, by and through their attorneys, Cipriani & Werner, P.C. and Judith A. Moses, Esquire and files this Answer and Affirmative Defenses To Plaintiff's Amended Complaint, wherein the following representations and averments are made:

1.   The averments contained in this paragraph of Plaintiff's Amended Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

2.   Admitted.

3.   Admitted.

1

4. Admitted.

5. Admitted.

6. Denied. After reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

7. Admitted.

8. Denied. After reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

9. Admitted.

10. Denied. After reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments as to whether Joubert sold bungee cords to Tool and Supply of New England, Inc.

11. The averments of Paragraph 11 state legal conclusions to which no response is required. However, if indeed this Defendant manufactured the involved bungee cord, then said averment is admitted.

12. Denied. After reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

13. This paragraph of Plaintiff's Amended Complaint states the legal conclusion to which no responses required. To the extent that a response is required, the averments contained in this paragraph of Plaintiff's Amended Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as

to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

14. The averments contained in this paragraph of Plaintiff's Amended Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

15. The averments contained in this paragraph of Plaintiff's Amended Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

16. The averments contained in this paragraph of Plaintiff's Amended Complaint are denied in that, after reasonable investigation, Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of said averments and, therefore, strict proof thereof is demanded at the time of trial.

17. Denied.

18. Denied.

19. Denied.

20. (a) through (b). Denied. It is denied that any product, including, but not limited to, the bungee cord or its hook lacked any load bearing capacity or in any way was insufficient or inappropriate. To the contrary, the entire product was manufactured, distributed, and sold in a condition that was safe for all appropriate uses.

21. (a) through (p). Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

WHEREFORE, these Defendants deny any and all liability and demand judgment in their favor, and against any and all other parties, plus attorney's fees and costs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

These Defendants claim benefit of the defense of assumption of the risk, whether it is implied or explicit assumption of the risk.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to the Plaintiff's own misuse or abuse of the product at issue.

### FOURTH AFFIRMATIVE DEFENSE

The alleged injuries, damages and/or losses of the Plaintiff were not caused by these Defendants' actions and/or inactions but, to the contrary, were caused by the actions and/or inactions of other persons or parties, whether these persons or parties be the Plaintiff, or others.

**FIFTH AFFIRMATIVE DEFENSE**

Any alleged dangers which are claimed by the Plaintiff, which are not admitted and which are denied, were open, obvious and/or known by the Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

These Defendants claim benefit of the defense of Contributory Negligence and/or Comparative Negligence.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

The subject product was designed and/or manufactured and, or distributed in conformity with applicable state-of-the-art, industry standards or/or consumer expectations.

**NINTH AFFIRMATIVE DEFENSE**

It is believed and therefore averred that the Plaintiff did not utilize the product for its intended and anticipated use.

**TENTH AFFIRMATIVE DEFENSE**

For purpose of preserving the defense, these Defendants claim the defense of set off.

**ELEVENTH AFFIRMATIVE DEFENSE**

The product at issue included a warning on the packaging for users to wear eye protection while using the product.

**TWELFTH AFFIRMATIVE DEFENSE**

The Plaintiff was not wearing eye protection while using the product at issue.

WHEREFORE, these Defendants request that this Honorable Court enter judgment in their favor and against any and all other parties, while taxing all costs, fees and other obligations against all other parties.

**JURY TRIAL DEMANDED.**

/s/Judith A. Moses
Judith A. Moses, Esquire
PA49656
Cipriani & Werner, P.C.
650 Washington Road, Suite 700
Pittsburgh, PA  15228
Telephone:  (412) 563-2500
Fax:  (412) 563-2080
E-mail:  jmoses@c-wlaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing Amended Answer and Affirmative Defenses has been served on all counsel of record, by first class mail, postage pre-paid, according to the Federal Rules of Civil Procedure, on the 30th day of December, 2005.

        Tibor R. Solymosi, Esquire
        Segel & Solymosi
        818 State Street
        Erie, PA  16501


        /s/Judith A. Moses_____
        Judith A. Moses, Esquire
        PA49656
        Cipriani & Werner, P.C.
        650 Washington Road, Suite 700
        Pittsburgh, PA  15228
        Telephone:  (412) 563-2500
        Fax:  (412) 563-2080
        E-mail:  jmoses@c-wlaw.com
        Counsel for Defendants